OPINION OF THE COURT
Dan Lamont, J.
This is an ex parte application for a court order continuing a mechanic’s lien for a period of one year.
The original notice of lien is dated October 31, 1974, and the time when the last item of work and material was furnished was July 26, 1974. Evidently, the mechanic’s lien has been extended by court order from year to year ever since.
Section 17 of the Lien Law provides in applicable part as follows: "No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action *551 * * * is filed with the county clerk of the county in which the notice of lien is filed * * * A lien on real property improved or to be improved with a single family dwelling may only be extended by an order of a court of record, or a judge or justice thereof. No lien shall be continued by court order for more than one year from the granting thereof, but a new order and entry may be made in each successive year.” (Emphasis supplied.)
In this court’s view, a mechanic’s lien which provides security and protection to someone furnishing labor and materials to improve real property should not and cannot properly be extended well beyond the Statute of Limitations for actions on contract and continuing for a period of over 16 years without commencement of an action to foreclose such lien.
In the exercise of judicial discretion ("may only be extended by an order of a court of record” [Lien Law § 17; emphasis supplied]), this court holds and determines that the within application to extend a mechanic’s lien should be and the same hereby is denied.